South & Central American Commercial Co., Inc., Respondent, *v.* Panama Railroad Company, Appellant.

**Common carriers — action to recover damage arising from delivery of wrong goods shipped by defendant's steamer from Panama to New York — bill of lading — requirement that notice of claim for loss or damage must be given within sixty days after knowledge of the loss and action brought within sixty days thereafter — latter provision unreasonable and not in accord with provisions of Interstate Commerce Act relative to bills of lading issued by carriers subject thereto.**

A shipment of sugar from a South American port was consigned to the plaintiff in New York. Upon reaching the Panama canal the sugar was delivered to the defendant for trans-shipment by its vessel to New York. Upon its arrival at its destination the sugar consigned to plaintiff was confused with sugar of a different grade consigned to some one else and misdelivery followed. Plaintiff sues for the difference in value between the sugar consigned and the sugar received. A term of the bill of lading requires that notice of claim must be given within sixty days after knowledge of the loss, and action brought within sixty days thereafter. Plaintiff complied with the requirement of preliminary notice but did not bring this action within sixty days thereafter and the defense is the failure to comply with this provision. Plaintiff insists that the limitation is void under the Interstate Commerce Act which provides as to carriers subject thereto that in certain

classes of cases there shall be no requirement of notice; that in other cases the period prescribed shall be not less than ninety days; and that no shorter period than two years shall be allowed for the institution of suit. The defendant is not subject to the provisions of the Interstate Commerce Act, yet the standards of the act are relevant to the inquiry whether public policy permits the enforcement of such a contract. Bills of lading must be just and reasonable whether they are those of carriers by land or of carriers by water. If unjust and unreasonable, they may be resisted by the shipper or corrected by order of the supervising board. (Interstate Commerce Act, § 15; U. S. Shipping Board Act, 18.) The requirement that suit must be brought within sixty days after notice of claim is unreasonable when compared with the provisions of the statute. Courts of law, when determining the measure of diligence that may fairly be exacted, will resort to the standards and analogies of cognate statutes to inform and regulate their judgment. In the face of reiterated enactments, expressing too clearly for misapprehension the judgment and the will of Congress, this bill of lading could not stand if challenged before the shipping board as embodying an unjust and unreasonable provision. Its fate can be no better when challenged in the courts.

*South & Central American Commercial Co.* v. *Panama R. R. Co.*, 205 App. Div. 123, affirmed.

(Submitted November 23, 1923; decided December 27, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1923, in favor of plaintiff upon the submission of a controversy under sections 546–548 of the Civil Practice Act.

*Richard Reid Rogers* for appellant. The Cummins Amendment had no application to the present shipment. (*Matter of Cummins Amendment*, 33 I. C. C. Rep. 693; *Cosmopolitan Shipping Co.* v. *Hamburg-Amer. Packet Co.*, 13 I. C. C. Rep. 266; *Union Pac. R. R. Co.* v. *Burke*, 255 U. S. 317; Roberts' Federal Liabilities of Carriers, § 327; *Gooch* v. *Oregon S. L. R. Co.*, 258 U. S. 22; *The Persiana*, 185 Fed. Rep. 396; *The San Guglielmo*, 249 Fed. Rep. 588, 591; *The Verdi*, 282 Fed. Rep. 572; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Union Fish Co.* v. *Erikson*, 248 U. S. 308; *Southern Express Co.*

*v. Byers,* 240 U. S. 612; *Hanrahan* v. *Pacific Transport Co.,* 262 Fed. Rep. 951.) The provision that action against the carrier must be commenced within sixty days from date of presentation of claim for loss, is valid and enforcible. (*M., K. & T. Ry. Co.* v. *Harriman,* 227 U. S. 657; *Texas & Pacific Ry. Co.* v. *Leatherwood,* 250 U. S. 478; *Express Co.* v. *Caldwell,* 21 Wall. 264; *St. Louis, etc., Ry. Co.* v. *Starbird,* 243 U. S. 588; *Southern Pacific R. Co.* v. *Stewart,* 248 U. S. 446.)

*Edward S. Greenbaum* for respondent. The clauses in the bill of lading requiring the claim to be presented within sixty days and suit to be brought within sixty days thereafter are illegal and void. (Roberts on Fed. Liabilities of Carriers, § 326.) The limitation clauses in the bill of lading do not cover the present loss and will not be construed to relieve the carrier against its own negligent acts. (*Canfield* v. *B. & O. R. R. Co.,* 93 N. Y. 532; *Hoye* v. *Penn. R. R. Co.,* 191 N. Y. 101; *Westcott* v. *Fargo,* 61 N. Y. 542; *Security Trust Co.* v. *Wells, Fargo & Co.,* 81 App. Div. 426; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.,* 89 N. Y. 370; *Mynard* v. *S. & B. & N. Y. R. R. Co.,* 71 N. Y. 180; *Hassam* v. *Platt,* 163 App. Div. 366; *Brewster* v. *N. Y. C. & H. R. R. R. Co.,* 145 App. Div. 51; *Lynch* v. *N. Y. C. & H. R. R. R. Co.,* 89 Misc. Rep. 472; *Richardson* v. *N. Y. C. & H. R. R. R. Co.,* 122 App. Div. 120.)

CARDOZO, J. Bags of sugar, 477 in number, were shipped at La Libertad, San Salvador, consigned to the plaintiff in New York. They were loaded on a vessel belonging to the Pacific Mail Steamship Company, and after reaching Cristobal, Canal Zone, were delivered to the defendant for transshipment by its vessel to the port of destination. At Hoboken, New Jersey, where the defendant has its pier, the 477 bags consigned to the plaintiff were confused with 472 bags of a different grade

19

consigned to some one else. Misdelivery followed as a result of the confusion. The plaintiff sues for the damage, the difference in value between the sugar consigned and the sugar received. A term of the bill of lading is to the effect that notice of claim must be given within sixty days after knowledge of the loss, and action brought within sixty days thereafter. The defense is the failure to comply with this provision. Under *St. Louis, I. M. & So. Ry. Co.* v. *Starbird* (243 U. S. 592, 606), the letter of September 3, 1920, was a compliance with the requirement of preliminary notice. A fuller and more formal notice went forward in October. More than sixty days thereafter, however, on January 17, 1921, an action was begun. This was too late if the contract is to govern.

Whether the limitation is valid, is the question to be answered. The plaintiff insists that it is void under the Cummins Amendment to the Interstate Commerce Act, which provides as to carriers subject thereto that in certain classes of cases there shall be no requirement of notice; that in other cases the period prescribed shall be not less than ninety days; and that no shorter period than two years shall be allowed for the institution of suit (Act of March 4, 1915, ch. 176; 38 Stat. 1196). The period is to be computed from the disallowance of the claim (Transportation Act, 1920; 41 Stat. 456, 494, § 438). But the defendant is not subject to the provisions of the Interstate Commerce Act. The act does not extend to a common carrier by water whose carriage is unconnected with carriage by land (*Mutual Transit Co.* v. *U. S.*, 178 Fed. Rep. 664, 666; *Burke* v. *U. P. R. R. Co.*, 226 N. Y. 534, 537; *U. P. R. R. Co.* v. *Burke*, 255 U. S. 317, 322). It is expressly limited by its terms, and so again is the Cummins Amendment, to carriers " engaged in the transportation of passengers or property wholly by railroad or partly by railroad and partly by water when both are used under a common control, management or arrangement for a continuous carriage or ship-

ment " (Interstate Commerce Act, U. S. Compiled Statutes, § 8563; Cummins Amendment, 38 Stat. 1196). The defendant is none of these. Reaching that conclusion, we do not stop to consider whether other provisions, governing the route of carriage, would remove it in any event from the purview of the act. Enough for present purposes that it is a carrier by water.

Though the act does not govern, its standards are relevant to the inquiry whether public policy permits the enforcement of the contract. Bills of lading must be just and reasonable whether they are those of carriers by land or of carriers by water (U. S. Shipping Board Act, 39 Stat. p. 728, ch. 451, § 18). If unjust or unreasonable, they may be resisted by the shipper, or corrected by order of the supervising board (Interstate Commerce Act, § 15; U. S. Shipping Board Act, *supra*, § 18). We think a new public policy, a new conception of what is just and reasonable in these contractual limitations, is established by this act, reinforced, as it is by the Transportation Act, which followed in 1920. " A statute may indicate a change in the policy of the law, although it expresses that change only in the specific cases most likely to occur to the mind " (*Gooch* v. *Oregon Short Line R. R. Co.,* 258 U. S. 22, 24). " The legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed " (*Johnson* v. *U. S.,* 163 Fed. Rep. 30, 32, per Holmes, Circuit Justice). We do not say that carriers not subject to these acts must adhere to the standards thus established with literal fidelity. That is obviously unnecessary, since the acts do not touch them *ex proprio vigore.* We say, however, that there is a duty of approximate or reasonable conformity, a conformity so great as to escape flagrant disavowal of the conception of reasonable opportunity reflected in the will of Congress. We cannot find that this measure of correspondence has been reached. The contract exacts

**292**  S. & C. A. COMMERCIAL CO. *v.* PANAMA R. R. CO.

[237 N. Y. 287]        Opinion, per. CARDOZO, J.        [Dec.,

the institution of a suit within sixty days after notice of claim, and this though negotiations for a settlement are proceeding in the interval. In the very case at hand, the defendant had held out to the shipper the promise or at least the suggestion of an amicable adjustment. The likelihood of mistake is multiplied when vigilance is thus disarmed. The statute, on the other hand, says. that carriers subject to its provisions shall not fix a period of limitation less than two years after written notice of rejection. The disparity is too great, the contrast too glaring, between the limitation prescribed for one carrier and the limitation permitted to another not differently situated. A steamship company carrying merchandise to Alaska under some arrangement with a railroad for continuous shipment, issues a bill of lading which Congress has in effect declared to be unreasonable if it fixes therein a limitation of less than two years for the institution of a suit. The same steamship company, it is said, makes a reasonable contract if it fixes a limitation of sixty days when it is acting independently. We are not to confuse a limitation for a preliminary notice with one for the institution of suit. Prompt notice may be necessary as a safeguard against fraud. When notice has been given, so that investigation can be made, there is little relation between the opportunity for fraud and a postponement of the suit. Courts of equity, even when not bound by a Statute of Limitations, were accustomed to apply the bar of the statute by analogy as a test of reasonable diligence (*Bowman* v. *Wathen*, 1 How. [U. S.] 189). Courts of law, in like manner, when determining the measure of diligence that may fairly be exacted, will resort to the standards and analogies of cognate statutes to inform and regulate their judgment. In the face of reiterated enactments expressing too clearly for misapprehension the judgment and the will of Congress, this bill of lading could not stand if challenged before the shipping board as embodying an unjust and unreasonable

provision. We think its fate can be no better when challenged in the courts.

*Gooch* v. *Oregon Short Line R. R. Co.* (*supra*) is cited by the defendant as supporting a contrary conclusion. The point at issue was the validity of a provision which affected, not the time to sue, but the preliminary notice. The decision went upon the ground that the policy declared by the statute in respect of the giving of such notices was not fairly to be extended to carriers of passengers. The analogy was not applied because the difference of conditions was so great that in truth it was no analogy. Even that conclusion was reached with vigorous dissent. In both opinions, the prevailing and the dissenting one, the implication is strong that a new standard has been established for carriers of property.

What we have said is, of course, applicable to those carriers, and those only, that are subject to federal regulation. We are not concerned at this time with carriers subject to regulation by the states.

The judgment should be affirmed with costs.

POUND, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., HOGAN and McLAUGHLIN, JJ., dissent.

Judgment affirmed.