JOHN I. SAPINKOPF, Appellant, v. THE CUNARD STEAMSHIP COMPANY, LTD., Respondent, Impleaded with P. H. KEAHON, INC., and Others, Defendants.*

First Department, May 24, 1929.

*Wilson E. Tipple* of counsel [*Adolph Hansen* and *Harry D. Thirkield* with him on the brief; *Tipple & Plitt*, attorneys], for the appellant.

*George deForest Lord* of counsel [*James S. Hemingway* with him on the brief; *Lord, Day & Lord*, attorneys], for the respondent.

*Arthur W. Clement* of counsel, for Bigham, Englar, Jones & Houston, as *amicus curiæ*.

*L. DeGrove Potter* of counsel [*John J. Heckman* with him on the brief; *Kirlin, Woolsey, Campbell, Hickox & Keating*, attorneys], for Furness Withy & Co., Ltd., as *amici curiæ*.

* Revg. 134 Misc. 14.

MARTIN, J. The plaintiff demands judgment against four defendants for the sum of $10,000 because of the loss of the contents of two cases containing 10,000 squirrel skins.

The complaint sets forth that when the cases were delivered to the defendant The Cunard Steamship Company, Ltd., they contained the skins; that when delivered to the consignee in New York city, the skins were missing; that the defendants or some of them were negligent and thereby caused the loss.

The plaintiff had considerable correspondence with the shippers in England and many conferences with the defendants at New York, all of which extended over a period of between two and three years, the final result of which was that everybody charged with responsibility for the loss definitely denied liability, leaving the plaintiff to his remedy in the courts.

While endeavoring to adjust the claim, plaintiff evidently overlooked the fact that the bill of lading contained an alleged short Statute of Limitations. After the claim was rejected the plaintiff commenced this action relying upon the decision in the case of *South & Central American Commercial Co.* v. *Panama Railroad Co.* (237 N. Y. 287) as permitting the institution of a suit within the six-year State Statute of Limitations where the bill of lading contract stipulated for the bringing of a suit within two years after the claim had been definitely rejected.

The answer of the defendant The Cunard Steamship Company, Ltd., admitted receipt of the packages referred to in the complaint but denied knowledge as to the contents thereof. It admitted delivery to the defendant P. H. Keahon, Inc., of New York. It denied that the contents of the cases had been abstracted while in its possession. It then affirmatively pleaded six separate and complete defenses, only two of which, however, require consideration.

This defendant then moved to compel a reply to the " third " and " fifth " defenses, which motion was not opposed by the plaintiff. In due course, a reply was served. Thereafter, this defendant moved for judgment on the pleadings and that motion was granted. It is from that order and the judgment thereon that the plaintiff is appealing to this court.

The bill of lading in question covering this shipment contained the following clause: " In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered."

The question, therefore, to be determined upon this appeal is whether the law of the State of New York renders invalid a provision in an ocean steamship bill of lading reading as above pro-

vided, requiring the institution of an action within one year after the delivery of the goods or the time when the goods should have been delivered.

The appellant urges that this provision should be held invalid, because it is absolutely unreasonable, especially in view of the decision heretofore rendered in the case of *South & Central American Commercial Co.* v. *Panama Railroad Co.* (*supra*). The plaintiff points out that he was justified in delaying the bringing of this action until all efforts for a settlement had been exhausted, in view of the tendency of the courts to require one having such a loss to give those chargeable therewith an opportunity to adjust the claim.

One of the best tests as to the reasonableness of the provision inserted in this bill of lading with reference to the commencement of an action is shown by the view taken of these short Statutes of Limitations by the Congress of the United States. Several acts of Congress have been passed prohibiting the insertion of such clauses in a bill of lading as unreasonable in view of the time it takes to secure information with reference to a loss and the presentation of a claim therefor to the one charged with responsibility for such loss.

Since the decision in the case of *South & Central American Commercial Co.* v. *Panama Railroad Co.* (*supra*) Congress has further amended the Interstate Commerce Act so as to increase the time to sue to three years if the loss is due to negligence while in transit.

The appellant contends that as the Court of Appeals has fixed a standard of reasonableness, anything less than two years is void as against public policy and that the six-year Statute of Limitation must prevail. It is not contended that the statutes dealing with the limitation of time to present a claim or to bring a suit, enacted by the Congress of the United States, are binding or controlling. It is the contention of the plaintiff that they give a very good general idea of what is considered reasonable in such cases.

The Court of Appeals while holding that the acts of Congress were not binding in certain cases upon a carrier by water, nevertheless took the view that they indicated what was considered reasonable under similar circumstances.

The court at Special Term held that during all the times while the Cunard Steamship Company, Ltd., had possession of the goods, it was a common carrier; that the limitation of one year was reasonable; that the Hague Rules on the subject having been recommended by the Maritime Law Committee and adopted by the International Law Association should be considered as casting considerable light upon what was considered reasonable, and that these acts show that there is a concensus of opinion that the one-year clause is

reasonable. These rules have no application whatever and there is nothing before us to show that they are binding on any one. We are confined to the pleadings, the statutes and the decisions of the courts on the subject.

In these days when it is difficult, because of the great amount of business carried on by the steamship companies and those shipping goods, to give prompt attention to claims of this kind, sufficient time should be allowed to make a complete investigation of a claim before commencing suit. The more progressive and well-considered views based upon experience lead to the conclusion that the one-year Statute of Limitation is entirely inadequate. That is probably best illustrated by the fact that the negotiations for a settlement in this case covered a period of three years before the claim was finally rejected.

Numerous cases have been cited in support of and against the proposition urged by the respondents. Many of those cases have no application whatever, others were decided under positive statutes or under peculiar circumstances showing the reason why such a decision was necessary. We are here bound by the recent decision of our Court of Appeals referred to above which fully covers the point in issue.

Apart from that decision there are numerous authorities clearly to the effect that such a clause is unreasonable. We are thus forced to the conclusion that the clause in question is not binding.

The judgment and order should, therefore, be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.