J. Aron & Company, Inc., Plaintiff, *v.* Panama Railroad Company, Defendant.

Supreme Court, New York County, December 12, 1929.

*F. E. Single* [*G. S. Rivkens* of counsel], for the plaintiff.

*R. R. Rogers*, for the defendant.

Walsh, J. Plaintiff brought this action against defendant, a common carrier, for loss sustained by reason of damage to cocoa transported by defendant. Defendant moved to dismiss the complaint upon the ground that notice of damage and claim for loss was not given as required by the bill of lading, and also that the provision of the bill of lading requiring suit to be instituted within six months after the arrival of the shipment was not complied with. Decision upon these motions was reserved. The verdict of the jury was in favor of the plaintiff. Defendant moved, in addition to the original grounds, that the verdict be set aside on the ground that it was not shown that the defendant was negligent, upon which motion decision was reserved.

The bill of lading provides: " 14. The carrier shall be liable for only such loss and damage as may be shown to be the direct consequence of his negligence or for such loss and damage as might

have been prevented by the exercise of reasonable diligence, except as provided by law." The evidence adduced not only established that the cocoa was delivered to defendant in good condition and arrived damaged, but also warranted a finding that the same was negligently stored.

The bill of lading also contains the following provisions: " 16. In the event of goods sustaining damage, the consignee shall call the carrier's attention to such damage prior to delivery being taken at destination, and shall at the same time fully disclose the nature of such damage. He shall also notify the carrier in writing as to such damage within ten days after taking delivery. Failure on the part of the consignee in any one of these particulars shall have the effect of abrogating his right to claim for damage, and no suit for compensation shall thereafter be maintainable. 17. Claims for loss or damage shall be presented to the carrier in writing within sixty days after the shipment concerned arrives or should arrive at destination. Any claim not so presented within the period specified shall be considered waived, and no suit to recover shall thereafter be maintainable. No suit for loss or damage shall be maintainable against the carrier unless instituted within six months after the shipment concerned arrives or should arrive at destination."

Prior to the removal of the cargo from the custody of defendant, plaintiff sent to it the following letter: " There is a loss to our cargo of 500 bags of cocoa beans marked (marking here indicated) ex above vessel, and we hereby make claim for the same on SS. *Lake Flattery*, her owners and charterers. The amount of the loss has not yet been ascertained, but when determined we will advise you further." Subsequently and about eleven months thereafter this action was instituted. No claim other than that contained in the above letter was presented to defendant. The object of the provisions requiring notice of damage and presentation of claim is to enable the carrier to properly investigate while there is opportunity so to do, and thus to protect itself against fictitious, imaginary or excessive claims. Their true purpose is to facilitate prompt investigation by the carrier, not to relieve it from just liability, and consequently they should be given a reasonable, practicable interpretation rather than a technical or literal construction. Further, the conditions imposed by the carrier are in derogation of the common law and should be construed strongly against it. (See *Georgia, Fla. & Ala. Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190; *Stiles* v. *Ocean Steamship Co.*, [C. C. A.] 34 F. [2d] 627; *Brewster* v. *Davis*, 207 App. Div. 461.)

It seems to me that the letter of plaintiff was sufficient to meet

the purposes of the requirements as to notice of damage and presentation of claim, and that, even though it may not be deemed to be a literal, it was a substantial compliance with the provisions of the bill of lading. The defendant was apprised of all that was necessary to enable it to make timely investigation. It was notified that a loss had been sustained to the cargo and informed that a claim was made for such loss. If it wanted the claimant to be more explicit, it should have so provided in its bill of lading, but, even assuming that the letter was not a compliance with the provisions as to the presentation of notice of damage and claim for loss, the plaintiff is not barred from recovering the damage sustained, for the rule is settled that contract limitations as to liability do not relieve the carrier where, as here, the loss has occurred through its negligence. (*Richardson* v. *New York Cent. & H. R. R. R. Co.*, 122 App. Div. 120; *Security Trust Co. of Rochester* v. *Wells Fargo & Co.*, 81 id. 426; affd., 178 N. Y. 620; *Isham* v. *Erie R. Co.*, 112 App. Div. 612.)

The clause limiting the time within which to bring suit to six months after the time of the arrival of the shipment is void as against public policy. (*South & Central American Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Sapinkopf* v. *Cunard Steamship Co., Limited*, 226 App. Div. 504; *Corn Products Refining Co.* v. *Transmarine Corporation*, 220 id. 731.)

Motion to dismiss complaint and to set aside verdict denied. Settle order on notice.