NAOMI KEMELHOR, Plaintiff, *v.* FURNESS, WITHY & Co., LTD., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, January 27, 1931.

*David I. Cohen*, for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann* [*John J. Heckman* of counsel], for the defendants.

PRINCE, J. This is an action brought by the plaintiff for the loss of her baggage, of the value of $415. The plaintiff, together with her sister, purchased a round trip ticket from New York to Bermuda, and sailed on the motor ship *Bermuda* on the 19th of October, 1929. On the day of sailing the plaintiff and her sister, at the defendant's pier, delivered five handbags to one of the defendant's porters. After the ship had left the port of New York. the plaintiff discovered that one of the five bags so delivered to defendant's employee could not be found in her stateroom. She promptly notified the authorities on the vessel, and although efforts were made to find the bag, the same was never found.

The defendant introduced into evidence the return portion of the ticket on which the plaintiff made the round trip between New York and Bermuda. It consists of a paper, about eight inches wide and twelve inches long. At the top, printed in readable type, are the name and address of the carrier, and other pertinent information, with appropriate blanks for the names of the passengers, the amount of fare paid, and the location of the accommodations. Below that, and occupying a substantial portion of the lower half of the ticket, are numerous " exceptions and conditions." These exceptions and conditions are printed in small type and closely spaced. The names of the passenger and of the agent for the company are subscribed at the bottom of the ticket.

The entire ticket was taken from the plaintiff before she left the boat, and no copy of the same was given to her. One of the provisions in the ticket was as follows:

" 8. The vessel, ship owner, master, or agent will not be liable for any claim of the passenger of any nature or kind whatsoever unless notice thereof in writing with full particulars of the claim shall be given to the ship owner or agent within three days after the passenger shall be landed from the steamer or, in case the voyage is abandoned or broken up, within 7 days thereafter. *Suit to recover on such claim shall not be maintained in any event unless*

*commenced within two months after the giving of written notice as above provided* * * *.*"

Concededly, this action was not commenced until five months after the giving of written notice of the loss. The carrier rests its defense entirely upon the fact that suit was not commenced within the time limited in the provision above quoted.

Plaintiff's counsel contends that this provision of the contract is invalid, and in support of that contention he offers the case of *South & Central American Commercial Company, Inc.,* v. *Panama R. R.* (237 N. Y. 287). In that case the plaintiff sued for damages resulting from the misdelivery of a shipment of freight consigned to him. A term of the bill of lading required that notice of claim must be given within sixty days after knowledge of the loss, and action brought within sixty days thereafter. The plaintiff complied with the requirement as to preliminary notice, but failed to commence his action within sixty days thereafter. The Interstate Commerce Act prescribes that no shorter period than two years shall be allowed for the institution of suit. The defendant in that action, as in the case at bar, was not subject to the provisions of section 16 of the Interstate Commerce Act U. S. Code, tit. 49, § 16, subd. [3]). The Court of Appeals in an opinion by Judge CARDOZO, refused to recognize the validity of the requirement that suit be commenced within sixty days after notice. It stated: " Though the act does not govern, its standards are relevant to the inquiry of whether public policy permits the enforcement of the contract * * * ' The legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed ' [citing cases]. We do not say that carriers not subject to these acts must adhere to the standards thus established with literal fidelity. That is obviously unnecessary, since the acts do not touch them *ex proprio vigore.* We say, however, that there is a duty of approximate or reasonable conformity, a conformity so great as to escape flagrant disavowal of the conception of reasonable opportunity reflected in the will of Congress. We cannot find that this measure of correspondence has been reached."

The limitation of time to commence the action imposed on the plaintiff by the provision in the ticket heretofore quoted is invalid if it is unreasonable, and the Court of Appeals, in the analogous case above cited, has indicated by what standards the reasonableness of such a limitation is to be measured. The Court of Appeals, in that case, has also ruled that a limitation of sixty days is unreasonable when measured by such standards.

Defendant's counsel calls attention to the fact that in the case

upon which plaintiff relies the contract dealt with the transportation of cargo, whereas this plaintiff is suing for loss of baggage. He claims that in the cargo case the consignee may require a considerable time to commence his action because he does not have knowledge of possible damage until the arrival of the vessel, and some reconditioning may be necessary in order to determine the amount of the loss; and the consignee may require an opportunity to present a claim to the insurance company which may later sue the carrier under its right of subrogation.

But it is conceivable, and even likely, that each of these considerations may apply with equal force where the damage is sustained to baggage, even where the owner thereof is traveling on the same boat. The mere fact that this plaintiff learned of her loss promptly, and was able to compute the amount thereof with dispatch, and was not subject to the delays incident to negotiating with an insurance company, establishes no criterion whereby we may judge the reasonableness of the provision of the ticket. We are not concerned with the fact that this plaintiff might have brought her action within two months. We are concerned with the reasonableness of a provision which limits the time to bring an action for loss or damage to baggage. Two months have been held to be unreasonable in the case of cargo. We fail to see why it is any more reasonable in the case of baggage.

Were we permitted to indulge in conjecture, we could conceive of a case where the owner of cargo would need more time than the owner of baggage to gather the facts upon which to ascertain his loss, or to adjust it with the insurance company. We could also conceive of a case in which it would be the other way around. And if it be true that the consignee of cargo never has knowledge of possible damage until the arrival of the vessel, whereas the passenger is always aware of damage to his baggage at an earlier time, the distinction is without weight in this controversy, because in each case the time limited for the commencement of the action begins with the giving of notice of the loss or damage.

For other purposes, there may be good reason to distinguish between loss of cargo and loss of baggage, but for the purpose of determining the reasonableness of a provision limiting the time of a plaintiff to commence suit, I think the distinction is tenuous.

The case of *South & Central American Commercial Co., Inc.*, v. *Panama R. R.* (*supra*) is controlling, and there must, therefore, be judgment for the plaintiff. The recovery of the plaintiff, however, is limited to the sum of $250 by provision No. 6 of the contract in question.

Judgment for the plaintiff for $250; five days' stay.