CUNNINGHAM LEATHER COMPANY *vs.* AMERICAN-HAWAIIAN STEAMSHIP COMPANY.

Essex.    November 17, 1933. — February 13, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Contract*, Validity, Of limitation of action.    *Carrier.*

Limitations upon the common law liability of carriers both by land and by water may be inserted in a bill of lading, provided they are just and reasonable and not contrary to public policy.

In determining the reasonableness of such limitations, the distance the goods are to be carried, the time when the loss or damage occurred and all other circumstances of the case are to be considered.

A bill of lading dated June 25, 1929, covering a shipment by water of green salted hides from California to Peabody in this Commonwealth, contained ·a provision in substance that suit "to recover for loss or damage or any other claim shall not in any event be maintainable against the shipowner or vessel unless instituted within four months after the giving of" a notice of claim, which was required to be given in writing within thirty days after the discharge of the vessel at the port of delivery.  The goods were delivered on July 26, 1929.  Within thirty days a claim in writing for damage to the hides in transit was given to the carrier.  Liability was denied by letter dated October 4, 1929.  An action against the carrier for such damage was not begun until February 26, 1931, and no valid excuse for the delay appeared. *Held*, that the limitation in the bill of lading as to time for bringing an action was reasonable in the circumstances, and was an effectual bar to the action.

The question, whether such limitation was reasonable, was one of law where the facts were not in dispute.

CONTRACT OR TORT.   Writ dated February 26, 1931.

In the Superior Court, the action was tried before *Goldberg*, J.  Material evidence is described in the opinion.  A verdict was ordered for the defendant.  The plaintiff alleged an exception.

*J. A. Liacos*, for the plaintiff.

*W. F. McCormack*, for the defendant.

CROSBY, J.   This is an action of contract or tort brought against the defendant, a common carrier, to recover for damage to certain hides, alleged to have been caused while they were in transit from San Francisco to Boston.  The declaration is in two counts; the first, in contract, alleges that the defendant failed to deliver the hides in good condition in accordance with the contract; the second alleges that due to the negligence of the defendant the hides were damaged in transit and were delivered in Boston in an imperfect and damaged condition.  The answer of the defendant, in addition to a general denial, alleges that the action cannot be maintained as it "was not instituted within four months after the giving of notice of the claim for damages as required by clause 16 of the bill of lading.  The reference to clause 16 plainly was intended for clause 15.  The plaintiff alleges and contends that, if it would appear that clause "16" of the bill of lading contains such provision limiting the right of action to four months, the same is

null and void as being unreasonable, and contrary to law and public policy.

The plaintiff introduced evidence tending to show that the defendant is a common carrier wholly by water; that the defendant under a bill of lading dated June 25, 1929, undertook to transport two hundred and forty-five sacks of green salted hides shipped by the Sawyer Tanning Company of Napa, California, to the Amdur-Limon Tanning Company of Peabody, in this Commonwealth; that the hides were in good condition when delivered to the defendant at San Francisco; that before they arrived in Boston the plaintiff bought them from the consignee; that they arrived in Boston and were delivered to the plaintiff in Lynn, on July 26, 1929, and upon examination some of them were partly damaged, and others totally damaged; that the plaintiff submitted a claim to the defendant for damages, and the defendant, by letter dated October 4, 1929, denied liability. The defendant introduced evidence tending to show that in transporting the hides it was not negligent. It is provided in clause 15 of the bill of lading that "Neither shipowner nor ship shall be liable for any claims whatsoever for loss of, or damage to goods, unless written notice shall be given to the shipowner within thirty days after the discharge of the vessel at the port where said goods were delivered or deliverable. Suit to recover for loss or damage or any other claim shall not in any event be maintainable against the shipowner or vessel unless instituted within four (4) months after the giving of the written notice above provided." The foregoing is in substance all the evidence pertinent to the issues raised by the plaintiff. At the close of the evidence the trial judge on motion of the defendant directed a verdict in its favor. In directing the verdict the judge stated to the jury, in substance, that the defendant was entitled to a verdict because of the failure on the part of the plaintiff to bring this action within four months as provided in the bill of lading. To this ruling the plaintiff excepted.

It is well settled that limitations upon the common law liability of carriers both by land and by water may be

inserted in a bill of lading, provided they are just and reasonable and not contrary to public policy. In determining the reasonableness of such limitations, the distance the goods are to be carried, the time when the loss or damage occurred and all other circumstances of the case are to be considered. As the bill of lading was dated June 25, 1929, it is to be assumed that the voyage began not earlier than that date; it ended in Boston, on July 26, 1929, and the hides were delivered to the plaintiff in Lynn on the same day. The plaintiff gave to the defendant "seasonable notice" in writing of the condition of the hides; the notice so given was within thirty days after July 26, 1929, as required by clause fifteen of the bill of lading. It further appears that the action was brought by a writ dated February 26, 1931, which was about eighteen months after the giving of the notice as required under clause fifteen. We are of opinion, in the circumstances, that four months after the giving of the written notice for the bringing of an action was not an unreasonable limitation of time for that purpose. Many suits in different jurisdictions involving the reasonableness of limitations of liability in bills of lading have been considered. Whether such limitations of liability are just and reasonable presents a question of law for the court, where, as here, the facts are not in dispute. *Hart* v. *Pennsylvania Railroad*, 112 U. S. 331, 342. It was held in *Cox* v. *Central Vermont Railroad*, 170 Mass. 129, that the failure of a plaintiff to bring suit within three months after a loss by fire of grain in an elevator of the defendant, as required by the bill of lading, was a bar to recovery. See also *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372; *O'Flaherty* v. *Cunard Steamship Co. Ltd.* 281 Mass. 447. Cases involving the reasonableness of a limitation of carriers' liability in a bill of lading have been frequently considered in the Federal courts. In *Ikuno* v. *Morris & Co.* 22 Fed. Rep. (2d) 140, it was held that a provision in a bill of lading requiring notice of loss, and that suit be brought within three months thereafter, ordinarily was valid, but that it would not be upheld unless reasonable under the circumstances, the case

of *Queen of the Pacific*, 180 U. S. 49, being cited. In *Corn Products Refining Co.* v. *Transmarine Corp.* 220 App. Div. (N. Y.) 731; *S. C.* 221 N. Y. Supp. 679, it was held that a provision requiring an action to be brought within six months after delivery of the goods was unreasonable and invalid. See also *The President Polk*, 43 Fed. Rep. (2d) 695. It is the contention of the plaintiff that the case is governed by *South & Central American Commercial Co. Inc.* v. *Panama Railroad*, 237 N. Y. 287. In that case the provision in the bill of lading required suit to be brought within sixty days after notice of claim. The court in a majority opinion held that this provision was unreasonable and against public policy. It was there said at pages 291–292: "The contract exacts the institution of a suit within sixty days after notice of claim, and this though negotiations for a settlement are proceeding in the interval. In the very case at hand, the defendant had held out to the shipper the promise or at least the suggestion of an amicable adjustment. The likelihood of mistake is multiplied when vigilance is thus disarmed." In the case at bar there is no contention or evidence that there were negotiations between the parties looking to a settlement of the claim, or that the delay in bringing the action was due to any conduct of the defendant; in a letter to the plaintiff dated October 4, 1929, the defendant denied liability. The decision in *South & Central American Commercial Co. Inc.* v. *Panama Railroad*, 237 N. Y. 287, cannot be considered as an authority in favor of the plaintiff in the case before us where the period of limitation for the bringing of the action was within four months after the giving of the written notice provided for in clause 15 of the bill of lading, and no valid reason is shown for a delay of about eighteen months after the plaintiff had given notice to the defendant.

It follows that the trial judge rightly ruled that the plaintiff was not entitled to recover.

*Exceptions overruled.*