JOHN I. SAPINKOPF, Respondent, v. THE CUNARD STEAM-SHIP COMPANY, LTD., Appellant, Impleaded with Others.

(Argued May 7, 1930; decided June 3, 1930.)

*George de Forest Lord* and *James S. Hemingway* for appellant. The clause in appellant's bill of lading is reasonable. (Interstate Commerce Act, § 25; *Napier* v. *Atlantic Coast Line R. R. Co.*, 272 U. S. 605; *Cleveland, C., C. & St. L. R. Co.* v. *United States*, 275 U. S. 404; *Louisville & Nashville R. R. Co.* v. *Garrett*, 231 U. S. 298; *Texas & Pac. Ry.* v. *American Tie & Timber Co.*, 234 U. S. 138.)

*George C. Sprague* for Hunt, Hill and Betts, *amici curiæ*. The limitation of suit clause is reasonable, is not contrary to our public policy and should be enforced. (*Schnell* v. *U. S.*, 30 Fed. Rep. [2d] 676; *Ikuno* v. *Morris*, 22 Fed. Rep. [2d] 140; *The Turret Crown*, 284 Fed. Rep. 439; *Matter of Bills of Lading*, 66 I. C. C. 687; *Cudahy Packing Co.* v. *Munson S. S. Line*, 22 Fed. Rep. [2d] 898.)

*Wilson E. Tipple, Harry D. Thirkield* and *Adolph Hansen* for respondent. The suit clause of one year is opposed to public policy. (*South & Central America Comm. Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Decker* v. *Director General*, 55 I. C. C. 453.)

*Arthur W. Clement* for Bigham, Englar, Jones and Houston, *amici curiæ*. The bill of lading provision limiting the time for suit to one year after delivery of the shipment is invalid. (*South & Central America Comm. Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Pennsylvania R. R. Co.* v. *Hughes*, 191 U. S. 477; *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Barnet* v. *N. Y. C. R. R. Co.*, 222 N. Y. 195; *Southern Ry.* v. *Prescott*, 240 U. S. 632; *Decker* v. *Director General*, 55 I. C. C. 453; *Corn Products Refining Co.* v. *Transmarine Corp.*, 220 App. Div. 731; *Green Star S. S. Co.* v. *Nanyang Bros. Tobacco Co.*, 3 Fed. Rep. [2d] 369; *Grace* v. *Panama R. R. Co.*, 12 Fed. Rep. [2d] 338; *Cudahy Packing Co.* v. *Munson S. S. Line*, 22 Fed. Rep. [2d] 898.)

*Per Curiam.* The bill of lading of a common carrier by water, considered in *South & Central American Commercial Co.* v. *Panama R. R. Co.* (237 N. Y. 287), provided that, in case of a loss occurring through shipment, a notice of claim must be given within sixty days after knowledge of the loss was acquired, and that action must be brought within sixty days thereafter. This court held that bills of lading, whether those of carriers by land or of carriers by water, must be just and reasonable; that, in determining the question of the reasonability of a provision limiting liability in the case of all water shipments, a Federal statute condemning the insertion in bills of lading for all rail, or part rail and part water shipments, of certain limitations upon the right to institute suit, though not strictly applicable, might be considered as furnishing

a standard, to which there should be "approximate or reasonable conformity." The statute referred to banned all provisions limiting the institution of actions against the carriers to a shorter period than two years after a loss. By comparison, the sixty and one hundred twenty day provisions then under consideration showed a "flagrant" departure from the statutory standard of reasonability. In this instance, the bill of lading fixes the period of one year as the time within which actions must be brought. The provision does not of itself strike the mind as an unreasonable limitation, nor does it mark so wide a departure from statutory standards for analogous cases, as to seem "flagrant" or shocking. We think the provision has vigor and should be applied.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the questions certified answered in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.