J. ARON & COMPANY, INC., Respondent, *v.* PANAMA RAILROAD COMPANY, Appellant.

(Argued January 13, 1931; decided February 10, 1931.)

*Richard Reid Rogers* for appellant. Suit was filed too late. (*South & Central American Com. Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Eastern Outfitting Corp.* v. *Pac. M. S. S. Co.*, 26 Fed. Rep. [2d] 270; *Armour* v. *Gjeruldsen*, 15 Fed. Rep. [2d] 553; *The Susquehanna*, 296 Fed. Rep. 461; *The Sagadahoc*, 291 Fed. Rep. 920; *The Turret Crown*, 284 Fed. Rep. 439; *Vulcanite Roofing Co.* v. *Commonwealth S. S. Co.*, 262 U. S. 742; *Ikuno* v. *Morris*, 22 Fed. Rep. [2d] 140; *Schnell* v. *United States*, 30 Fed. Rep. [2d] 676; *Baltimore S. S. Co.* v. *Koppel*, 299 Fed. Rep. 158; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Sapinkopf* v. *Cunard S. S. Co.*, 254 N. Y. 111; *Grace* v. *Panama R. R. Co.*, 12 Fed. Rep. [2d] 338; *The St. Hubert*, 102 Fed. Rep. 362; 107 Fed. Rep. 727; *Cudahy Packing Co.* v. *Munson S. S. Line*, 22 Fed. Rep. [2d] 898; *The Majestic*, 30 Fed. Rep. [2d] 822; *The President Polk*, 43 Fed. Rep. [2d] 695.)

*Gregory S. Rivkins* and *Forrest E. Single* for respondent. The provision of the bill of lading limiting the time within which suit may be brought to within six months from date of arrival of the shipment is void as against public policy. (*South & Central American Comm. Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Sapinkopf* v. *Cunard S. S. Co.*, 254 N. Y. 111; *Corn Products Refining Co.* v. *Transmarine Corp.*, 220 App. Div. 731; *Green Star S. S. Co.* v. *Nanyang Bros. Tobacco Co.*, 3 Fed. Rep. [2d]

369; *Armour & Co.* v. *Gjeruldsen*, 15 Fed. Rep. [2d] 553; *Olivier Produce Corp.* v. *United States*, 20 Fed. Rep. [2d] 214.) There was an absolute warranty of seaworthiness on the part of the carrier to supply a seaworthy vessel, and its failure in that regard deprives it of any exemptions of the bill of lading, including the suit and notice clauses, and renders the carrier liable as an insurer. (*The Carib Prince*, 170 U. S. 655; *The Edith*, 10 Fed. Rep. [2d] 684; *International Navigation Co.* v. *Farr*, 181 U. S. 218; *The Silvia*, 171 U. S. 462; *The Southwark*, 191 U. S. 1; *The Thomas P. Beal*, 11 Fed. Rep. [2d] 49; *Kaufer* v. *Luckenbach*, 294 Fed. Rep. 978; *Cosmopolitan Shipping Co.* v. *Hatton & Cookson*, 34 Lloyd's List Law Rep. 231; *The St. Johns*, 280 Fed. Rep. 553; *The Balto*, 282 Fed. Rep. 235; *The Sarnia*, 278 Fed. Rep. 459.)

HUBBS, J. The appellant is a common carrier by water. It contracted to carry on its boat *Lake Flattery* bags of cocoa beans from Guayaquil, Ecuador, to New York. Upon arrival at the port of destination an inspection disclosed that the beans were damaged. The respondent, the consignee, immediately served notice of that fact upon the carrier and made a claim for damages.

Eleven months later this action was commenced by the consignee to recover the damage suffered. The record does not disclose any reason or excuse for the delay in commencing the action. The bill of lading signed by the shipper under which the goods were carried provided that " No suit for loss or damage shall be maintainable against the carrier unless instituted within six months after the shipment concerned arrives or should arrive at destination." The learned trial justice decided as a matter of law that the clause of the bill of lading which purported to limit the time within which an action could be commenced to recover damage was void as against public policy.

As a general rule a common carrier by water may legally enter into a contract with a shipper limiting the time within which an action may be commenced to recover damages growing out of the negligence of the carrier to a period shorter than provided by the applicable Statute of Limitations. To the general rule there is a definitive limitation to the effect that a limitation of time within which action may be commenced must be reasonable, just and fair.

The shipper and common carrier do not stand upon equal terms. The shipper, to some extent at least, is at the mercy of the carrier, which may impose such terms as it desires unless the shipper is protected by law. Public policy, therefore, requires that shippers be protected from the imposition of an unreasonable, unfair or unjust limitation of time within which to commence an action to recover damages for the loss of or injury to goods carried. Courts have ever been zealous to protect shippers from the strict enforcement of harsh and unjust provisions of shipping contracts imposed by common carriers. The public in general has an interest in such contracts and the rule of freedom of contract which prevails as to private contracts is not applicable. (*Southern Express Co.* v. *Caldwell*, 21 Wall. [U. S.] 264.)

It was in conformity with that principle that Congress enacted the Harter Act (U. S. Comp. Stat. § 8029; Mason's U. S. Code, vol. 3, tit. 46, § 190) forbidding a common carrier by water from issuing a bill of lading which, by its terms, would exempt the carrier from liability for its negligence or arbitrarily limit its liability without regard to the rate charged. The act does not, however, contain any provision relating to the terms of bills of lading which provide the time within which an action must be brought. That was left to be governed by the action of the contracting parties, subject, however, to the principle that such limitation of time must be just and fair.

Prior to the enactment of the Interstate Commerce Act (U. S. Comp. Stat. § 8563; Cummins Amendment, 38 Statutes at Large, 1196), the courts frequently passed upon the question of what constituted a valid provision of a bill of lading which attempted to limit the time within which an action must be commenced against a common carrier to recover damages growing out of a shipment. (*Missouri, K. & T. Ry. Co.* v. *Harriman*, 227 U. S. 657; *North British & Mercantile Ins. Co.* v. *Central Vermont R. R. Co.*, 9 App. Div. 4; affd., 158 N. Y. 726.) Many cases are collated in 10 Corpus Juris, at pages 343 and 344. The cases quite uniformly held that a limitation in a bill of lading of time for the commencement of action was valid provided the limitation was fair and reasonable. Since the decisions in those cases, Congress enacted the Interstate Commerce Act and the " Suits in Admiralty Act " of March 9th, 1920 (Ch. 95, § 5; 41 Statutes at Large, 525; Mason's U. S. Code, vol. 3, tit. 46, § 745), neither of which applies to the shipment in question. The Interstate Commerce Act does not affect contracts for shipments by water only and the " Suits in Admiralty Act " applies only to shipping companies the entire capital stock of which is owned by the United States. Each of those acts provides in substance that a shipper must be allowed two years within which to commence an action, thereby disclosing " Congress' conception of reasonable opportunity " within which an action must be commenced in cases governed by those acts.

After the enactment of those statutes this court was required to pass upon the validity of a clause in a bill of lading which provided that notice of claim must be given within sixty days after knowledge of loss and action commenced within sixty days thereafter. The shipment involved in that case was by water and not covered by either act. We found in the statutes referred to an expression of the will of Congress as to what constitutes a reasonable opportunity to commence an action. We

did not hold that the standard established by Congress in those acts applied to the bill of lading under consideration but we found therein an indication of Congress' conception of what constitutes a just and fair limitation of time within which to commence an action and an expression of public policy in accord with modern conditions. We decided under the facts in that case that the limitation of sixty days imposed by the carrier was unfair, unreasonable and such a " ' flagrant ' departure from the statutory standard of reasonability " as to be contrary to public policy. (*South & Central American Commercial Co., Inc.*, v. *Panama Railroad Co.*, 237 N. Y. 287.) We adhered to the principle there announced in deciding the case of *Straus & Co.* v. *Canadian Pacific Ry. Co.* (254 N. Y. 407). The case of *Sapinkopf* v. *Cunard Steamship Co.* (254 N. Y. 111) was an action by a shipper against a common carrier by water. The bill of lading involved provided that an action to recover damages must be brought within a year. We held that " The provision does not of itself strike the mind as an unreasonable limitation, nor does it mark so wide a departure from statutory standards for analogous cases, as to seem ' flagrant ' or shocking." The limitation was held to be fair and reasonable.

In the following cases it was decided, under the facts therein: That a provision of a bill of lading which limited the time to bring an action to thirty days was void (*The President Polk*, 43 Fed. Rep. [2d] 695); that a limitation of three months was void (*Green Star S. S. Co.* v. *Nanyang Bros. Tobacco Co., Ltd.*, 3 Fed. Rep. [2d] 369).

On the other hand, it has been decided that a limitation in a bill of lading of sixty days within which to commence an action was valid (*Eastern Outfitting Co.* v. *Pacific Mail S. S. Co.*, 26 Fed. Rep. [2d] 270; *The Sagadahoc*, 291 Fed. Rep. 920); that a limitation of three months was valid (*The Susquehanna*, 296 Fed. Rep. 461; *The Turret Crown*, 284 Fed.Rep.439; *Schnell* v. *United States*, 30

Fed. Rep. [2d] 676). Also that a limitation of six months was valid. (*Armour & Co.* v. *Aktieselskab Gjeruldsen,* 15 Fed. Rep. [2d] 553; *Oliver Produce Corp.* v. *United States,* 20 Fed. Rep. [2d] 214.)

The United States Supreme Court has not passed upon the question. No court so far as we have been able to find has ever held that a limitation of six months within which to commence an action was unfair, unreasonable or against public policy. We have reached the conclusion that under the facts of this case the limitation of six months contained in the bill of lading within which to bring an action was not an unreasonable limitation. The time allowed was substantial. It cannot be considered harsh, unfair or unjust. The parties had a legal right to enter into a contract imposing a limitation of time, and unless courts can see that the contract period is contrary to principles of fairness and justice, the contract as entered into should be enforced.

We do not attempt to fix a standard or establish any definite time which shall be deemed reasonable under all conditions. We hold that under the facts and circumstances of this case six months was a reasonable limitation.

The distinction between a limitation of time within which to serve a preliminary notice of claim and the limitation of time within which to commence an action should be kept in mind.

We are not unmindful of the fact that thirty-two nations have adopted a statute which provides that an action to recover damages under a shipping contract must be commenced within one year. A Statute of Limitations does not, however, prevent the parties to a shipping contract from agreeing upon a shorter time within which action must be commenced, and the statutory limitation throws very little light upon the question of what constitutes a just and reasonable time under such an agreement.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.