CONTINENTAL LEATHER COMPANY, Appellant, v. LIVERPOOL, BRAZIL & RIVER PLATE STEAM NAVIGATION COMPANY, LTD., Defendant, Impleaded with LAMPORT & HOLT, LTD., Respondent.

Second Department, January 15, 1932.

*Neil P. Cullom* [*James E. Freehill* with him on the brief], for the appellant.

*G. Noyes Slayton*, for the respondent.

PER CURIAM. While there is a distinction between the present case and that of *Aron & Co.* v. *Panama R. R. Co.* (255 N. Y. 513), in that the limitation in the cited case afforded six months' time after arrival of the shipment at destination within which to sue, whereas in the case at bar the six months' limitation commenced upon delivery of the goods to the carrier, the question seems to us to be whether the facts show the limitation to be " harsh, unfair or unjust." Cases cited in the *Aron* case hold a shorter limitation to be valid. The question of the reasonableness of the limitation would be one of fact if there were proof permitting a finding that the plaintiff did not have a reasonable opportunity to commence its action within the period of limitation. Delivery to the carrier at Montevideo was made on January 15, 1924; the shipment arrived at the pier in Brooklyn on February 23, 1924. This left a period of over four and one-half months remaining within which to commence the action. Immediate investigation and examination of the shipment upon its arrival, made on plaintiff's behalf, showed the damage claimed. The action was not commenced until March 4, 1925, substantially one year after the plaintiff learned of the damage. Plaintiff did not consult its attorney with reference to the claim until the middle of the summer of 1924. What plaintiff did in the interim, if anything, does not aid in determining whether or not the limitation was unreasonable. After the claim had been placed in the hands of the attorney we have no proof as to what was then done, although it was claimed that ordinarily from two to three months would be occupied in sending written communications to South America and receiving answers. Reasonable diligence, as a matter of law, does not appear to have been exerted by the plaintiff within the time fixed by the limitation. A jury's finding, which the plaintiff did not ask for, that the plaintiff could not have commenced its action within the time fixed by the contract, would have

been contrary to the evidence or without evidence to sustain it. Had it been established sufficiently to raise a question of fact, that the stipulated time was insufficient within which to bring the action, the period thereafter ensuing before action was begun was more than a reasonable period of time after the limitation had expired. (*The Turret Crown*, 284 Fed. 439.) (See, also, *Forsyth* v. *City of Oswego*, 191 N. Y. 441.)

For the foregoing reasons the judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, TOMPKINS and DAVIS, JJ.

Judgment unanimously affirmed, with costs.