CARLOS FERRES and Others, Plaintiffs, *v.* LINEA SUD-AMERICANA, INC., Defendant.

City Court of New York, New York County, June 27, 1933.

*Crane, Inness & Arnold*, for the plaintiffs.

*Haight, Smith, Griffin & Deming*, for the defendant.

NOONAN, J. This motion concerns the application of a time limitation for commencing an action contained in a bill of lading issued on a shipment by sea of salted steer hides.

The action is brought to recover for alleged damage to the hides caused by discoloration, crusting and hardening. On October 5, 1929, at Montevideo, Uruguay, 1,000 bundles of these hides were shipped by plaintiffs on board the motor vessel *Nordbo*, owned by the defendant steamship company. Pursuant to the instructions of the plaintiffs, a bill of lading consigned the merchandise to the order of Edmond Weil, Inc., in the city of New York. The merchandise was delivered at the port of New York on November 9, 1929. On November 14, 1929, Edmond Weil, Inc., the consignee, held a survey of the merchandise, and on the same day

advised the defendant that it would hold it responsible for the alleged damage to the shipment. On November 15, 1929, a notice of claim for $2,081.77 was sent by mail to the defendant, payment of which was refused. This notice of claim inclosed a copy of the invoice, and, after requesting settlement, stated, " These hides have been examined for the underwriters by Messrs. Koehler, Kemp & Koehler." On November 22, 1929, the defendant acknowledged receipt of the claim and requested two more copies thereof, which were sent to the defendant on the following day, and which were received on November 23, 1929. On December 2, 1929, Edmond Weil, Inc., wrote defendant asking if claim was receiving attention and inquiring when settlement would be made. A reply to this communication was received by Edmond Weil, Inc., on December 4, 1929, advising that the claim was being investigated. On December 18, 1929, the defendant wrote that it rejected the claim on the ground that the damage was due to inherent vice in the merchandise.

The next written communication was sent on December 28, 1929, by Edmond Weil, Inc., to the defendant, stating that it refused to accept the defendant's view as to the cause of the damage and further stating: " These hides were shipped in good condition and were damaged during the voyage by improper stowing and through the lack of ventilation in the hold of the vessel. The Surveyor's certificate bears us out in this contention." This letter also requested a reconsideration and reinvestigation of the claim. A number of telephone conversations were had between Jacques Meyer, secretary of Edmond Weil, Inc., and the defendant's agent and the former was advised that the defendant was further investigating the cause of damage and would inform Meyer when the investigation was concluded and whether payment would be made.

On March 26, 1930, the defendant wrote Edmond Weil, Inc., that it could not give the claim further consideration and that liability was denied on the grounds stated in the defendant's letter of December 18, 1929, namely, inherent vice in the goods. Action was commenced by the plaintiffs on the claim on March 14, 1931.

The bill of lading under which the merchandise was carried contained the following provision: " 31. The Carrier or Vessel shall not, in any event, be liable for any claim or demand arising under this bill of lading or in respect of the Goods, unless * * * suit therefor is commenced within six months after delivery of the Goods to the Carrier, and the lapse of such period shall be deemed a complete bar to recovering in any such suit or proceeding not sooner commenced notwithstanding the Carrier may be a non-resident or a foreign corporation. Nothing shall be deemed a

waiver of the provisions of this article except a written express waiver signed by the Carrier."

The conceded facts show that the goods were delivered to the carrier on October 5, 1929, at Montevideo, Uruguay. The time to commence suit, therefore, would expire, according to the quoted provision of the bill of lading, on April 5, 1930.

In *Aron & Co.* v. *Panama R. R. Co.* (255 N. Y. 513) the rule of law in reference to the shortened period for commencing actions provided in bills of lading for carriage by water is thus announced (at p. 516): " As a general rule a common carrier by water may legally enter into a contract with a shipper limiting the time within which an action may be commenced to recover damages growing out of the negligence of the carrier to a period shorter than provided by the applicable Statute of Limitations. To the general rule there is a definitive limitation to the effect that a limitation of time within which action may be commenced must be reasonable, just and fair."

The fairness, reasonableness and justness of the limitation under the facts of each case are the test by which it is judged, for the reason that the shipper's choice of selecting a carrier is usually confined within a narrow range. (*Aron & Co.* v. *Panama R. R. Co., supra; South & Central American Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Sapinkopf* v. *Cunard Steamship Co.*, 254 id. 111; *Continental Leather Co.* v. *Liverpool, Brazil & River Plate Steam Navigation Company, Ltd.*, 234 App. Div. 386; affd., 259 N. Y. 621.)

Since under the law as declared in the cases cited the question of the reasonableness and fairness of the limitation period agreed upon must be determined by the circumstances of each particular case, I think a consideration of the facts set forth above, and which are taken from the plaintiffs' opposing affidavit made by Meyer, who is the secretary of the consignee, Edmond Weil, Inc., clearly point to the conclusion that the action was commenced too late. In the first place, the action was not brought until March 14, 1931, almost a year after the period provided in the bill of lading had expired. In explaining this delay, Meyer stated that the shipment was made to the order of Edmond Weil, Inc., as consignee, which meant that the plaintiffs who resided in Uruguay were the owners of the merchandise and had to be consulted about the damage and the advisability of commencing action. It is asserted by Meyer that Edmond Weil, Inc., had no authority to turn the matter over to lawyers and obligate the plaintiffs for legal expense and disbursements and consequently was obliged to await instructions from the plaintiff necessitating lengthy correspond-

ence with them regarding the merits of the claim and the cost of litigation. Even taking into account the distance separating the consignee and the shippers and the necessity of correspondence, no valid reason has been shown in my judgment why this action was not commenced within the six months' period.

The shipment arrived on November 9, 1929, and was immediately examined and claimed to be defective. A claim was then made on November 15, 1929, which was rejected on December 18, 1929. Edmond Weil, Inc., had the entire time between November ninth, or at the latest between December 18, 1929, and the expiration of the limitation period, April 5, 1930, in which to cable or otherwise communicate with the plaintiffs so as to obtain information as to the condition of the merchandise at time of shipment and the advisability of commencing action.

It is true that it asked for a reconsideration of the claim and that it was finally told on March 26, 1930, that the claim was rejected for the reason given in the defendant's letter of December 18, 1929. But this reconsideration did not create a waiver or an estoppel on the part of the defendant that prompt and proper action as agreed upon be taken by the plaintiffs in the assertion of their rights. Furthermore, the letter of November 15, 1929, sent by Edmond Weil, Inc., would seem to indicate that the underwriters for the plaintiffs were the parties in control, since it is stated that their surveyors had made an examination of the merchandise.

A limitation provision in a bill of lading exactly similar to the one here involved was upheld by this court in the case of *Standard Commercial Tobacco Co.* v. *Hamburg American Line* (N. Y. L. J. Sept. 18, 1931), and also by the Court of Appeals in *Continental Leather Co.* v. *Liverpool, Brazil & River Plate Steam Navigation Co., Ltd.* (*supra*).

In the report of the last-cited case in the Appellate Division the court said (234 App. Div. 386, 388): "Had it been established sufficiently to raise a question of fact, that the stipulated time was insufficient within which to bring the action, the period thereafter ensuing before action was begun was more than a reasonable period of time after the limitation had expired."

It is evident in the case at bar that the plaintiffs have shown little or no diligence in bringing their action.

This motion to dismiss the complaint is made under rule 107, subdivision 6, of the Rules of Civil Practice, where the defect does not appear on the face of the complaint. For the reasons stated, it is my belief that the plaintiffs are barred by the stipulated period limiting the commencement of their action.

The motion is, therefore, granted, and the amended complaint is dismissed. Order signed.