DAVID COLEMAN, INC., Appellant, *v.* AMERICAN-HAWAIIAN STEAMSHIP COMPANY, Respondent, Impleaded with STANDARD MARINE INSURANCE CO., LTD., Defendant.

Supreme Court, Appellate Term, First Department, July 13, 1936.

*Goetz & Midler* [*Isador Goetz* of counsel], for the appellant.

*Lloyd, Decker & Williams* [*Gray Williams* of counsel], for the respondent.

PER CURIAM. Appeal from order made pursuant to rule 107 of the Rules of Civil Practice, granting motion to dismiss complaint on the ground cause of action was not brought within the time limited by law and from the judgment entered thereon.

The bill of lading herein provided that all claims for loss or damage to shipment must be made within thirty days after removal of goods and that any suit must be brought within four months after presentation of claim as aforesaid. The moving affidavits set forth that delivery of the goods was completed in January, 1935; that no claim for loss was made as required by contract and suit was not commenced within time limited in bill. Plaintiff's affidavit in opposition recites that the claim was duly presented and that defendant by negotiations, etc., waived the four months' period of limitation.

We are of the opinion that the issues thus raised cannot be decided on motion. Rule 107, subdivision 6, provides for motions to dismiss on affidavits on the ground action has not been commenced within the time limited by law. The period of limitation herein was fixed by contract. Though carriers may limit the time within which an action may be commenced to recover damages growing out of their negligence to a period shorter than that provided by statute, such a limitation must be just, reasonable and fair. (*Aron & Co.* v. *Panama R. R. Co.*, 255 N. Y. 513.) The reasonableness of the provision must be ascertained in the light of the facts in each case. Here the contract provided for suit four months after filing of notice of claim. Plaintiff contends there were negotiations which resulted in extending the period for filing the claim which might

affect the period for commencement of suit. The rule only provides for dismissal on motion where the period is that fixed by law. Section 10 of the Civil Practice Act differentiates between a case where the limitation is fixed by law and one where it is fixed by contract. Only the former class of case seems to come under rule 107. We feel that the proper practice here was to deny the motion and raise the issues by answer so that they might be determined on the trial.

Judgment and order reversed, with ten dollars costs, and motion denied, with leave to answer within five days after service of order entered hereon on payment of costs.

All concur. Present — LEVY, HAMMER and CALLAHAN, JJ.