Meyer, J.
(concurring). Notwithstanding my views concerning the retroactivity of the amendment made by chapter 280 of the Laws of 1976, stated in dissent in Sessa v State of New York, decided herewith, I concur in affirmance in this case. A contract provision shortening the period of limitations is valid (Kassner & Co. v City of New York, 46 NY2d 544). Here claimants entered into an advance payment agreement which provided that their claim for additional money would be released if a claim was not filed "within the statutory time limit set forth in the Court of Claims Act”. The statutory time limit is three years (§ 10, subd 1); the six-year period in subdivision 6 of section 10 is not a statutory time limit on filing a claim. It is rather a limit on the time within which a court may permit a claim to be filed notwithstanding that the three-year "statutory time limit” was not met. Nor is the claim saved by reason of the fact that the notice of appropriation was served by substituted service. The factual basis for *976 such service is beyond our review, the Appellate Division having affirmed the findings of fact made by the Court of Claims. Moreover, in my view, the notice called for by subdivision 1 of section 10 of the Court of Claims Act is not "process” within the meaning of section 102 (subd [a], par [11]) of the Business Corporation Law because not "for the purpose of acquiring jurisdiction of such corporation”.
Order affirmed, etc.