**BRINK'S INC., Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

**BRINK'S INC., Third-Party Plaintiff,**

v.

**John ADAMS, Anthony De Nardo, Trevor Fairweather, Richard Florio, James Gargiulo, Jorge Olivari and Michael Solomon, William J. Donovan, Francis Gitto, Ramon Hernandez, William Mc Inerney, Anthony San Marco, Jose Rodriquez and Qonaar Corp., Third-Party Defendants.**

**No. 80 Civ. 6975.**

United States District Court,
S. D. New York.

Dec. 29, 1981.

---

Heiko & Bush, P.C., Garden City, N. Y., for plaintiff; Joseph A. Barbaccia, Jonathan V. Pollack, Garden City, N. Y., of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Brink's Inc. ("Brink's"), commenced this action against defendant, The City of New York ("City"), to recover sums allegedly due under two contracts: one for the collection of parking meter revenues and the other for the transportation of bulk coin from the City depository to ATO Machine Corporation.[1] Both parties have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and Brink's requests any judgment in its favor be certified for immediate entry pursuant to Rule 54(b).

### I. The Parking Meter Contract

The parties entered into the contract for the collection of parking meter revenue on March 21, 1978 and Brink's commenced performance in May 1978. Under this contract, three-person teams of Brink's employees collected coins from parking meters and delivered them to the City Department of Finance.[2] Approximately two years after performance had begun, on April 9, 1980, a number of Brink's employees were arrested for alleged thefts of parking meter monies, and on April 10, 1980 the City instructed Brink's to suspend work on the contract. By letter dated April 22, 1980, Mr. Harry S. Tischelman, the Commissioner of Finance, notified Brink's that the City was terminating the contract. effective

---

1. The City has asserted counterclaims against Brink's on the parking meter contract for $2.5 million in compensatory damages and $10 million in punitive damages alleging that Brink's employees converted parking meter revenues; Brink's in turn has impleaded several of its former and current employees for indemnity. Such claims are not in issue on this motion.

2. Under the bulk coin contract, Brink's was to transport the bags of coins representing prior collections from the Department of Finance to the ATO Machine Corp.

April 25, 1980 pursuant to Article 35(d) of the contract.[3] Brink's invoiced the City for $73,163.02 for services performed during the month of March 1980 and for $19,912.66 for services performed up to the date of termination, a total of $93,075.68, the sum it seeks to recover herein.

The City moves for summary judgment on the ground that Brink's claim is barred by the six-month limitation provision contained in the contract. The contract provides:

Article 39. Actions based on the Contract

Except as provided by Article 31,[4] no action shall lie or be maintained against the City upon any claim based upon this contract arising out of anything done in connection with this contract unless such action shall be commenced within six (6) months of the date of filing in the Office of Comptroller of the City of New York the certificate of final payment, *or within six months after the effective date of termination of this contract for cause or for convenience.* (Emphasis supplied.)

Under the terms of this provision, the six-month limitation provision begins to run upon either (1) the filing of a certificate of final payment, or (2) termination of the contract by the City "for cause or convenience." The parties agree that Tischelman's letter of April 22, 1980 terminated the contract "for convenience" and therefore only the latter part of this provision is applicable.[5]

The City contends that Commissioner Tischelman's letter of April 22, 1980, effective-ly terminated the contract five days thereafter, on April 26, 1980;[6] accordingly, that under the six-month limitation period contained in Article 39, Brink's was required to commence any action for amounts owing under the contract by October 26, 1980. Since Brink's commenced this action on December 9, 1980, after the six-month contractual limitation period had expired, the City contends that it is barred.

■ Brink's makes three arguments in an attempt to avoid the consequences of its tardiness. First, Brink's argues that the six-month limitation period is invalid for it is unreasonably short. In *John J. Kassner & Co. v. City of New York*,[7] the New York Court of Appeals held that contractual shortening of limitations periods are enforceable provided that the prescribed period is "reasonable."

The parties may cut back on the Statute of Limitations by agreeing that any suit must be commenced within a shorter period than is prescribed by law. Such an agreement does not conflict with public policy but, in fact, "more effectively secures the end sought to be attained by the statute of limitations" (*Ripley v. Aetna Ins. Co.*, 30 N.Y. 136, 163). Thus an agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable (citation omitted) provided it is in writing (C.P.L.R. § 201).[8]

Commenting upon the six-month limitation period found in the contract at issue in *Kassner*, a contract which, like that in the

---

**3.** Article 35(d) states in relevant part:
For any reason whatsoever the Commissioner of Finance may cancel the agreement, in whole or in part, and terminate the service upon five days written notice to the Contractor [Brink's].

**4.** Article 31 concerns special notice requirements in connection with acceptance of final payment and is not relevant to this action.

**5.** In exercising its right to terminate for convenience, the City reserved its right also to terminate for "cause."

**6.** Although Tischelman's letter recites that termination is to be effective April 25, 1980, calculated according to the notice rules set forth in Article 25 of the contract, which includes the day of mailing, the effective date of termination was April 26, 1980.

**7.** 46 N.Y.2d 544, 389 N.E.2d 99, 415 N.Y.S.2d 785 (1979).

**8.** *Id.* at 550–51, 389 N.E.2d at 103, 415 N.Y.S.2d at 789.

instant case was a municipal contract with the City of New York, the Court stated:

> The contractual limitations period provision in this case is apparently a standard clause which, undoubtedly, was included to shorten the Statute of Limitations. (Citations omitted.) To that extent, of course, it would be enforceable.[9]

The Court concludes that the six-month limitation period is not unreasonably short, and will be enforced.[10]

■ Second, Brink's argues that the six-month period has not begun to run for there has not been a proper termination under the contract. The termination provision states in relevant part:

> Article 35 Default or Termination of Contract
>
> d. For any reason whatsoever the Commissioner of Finance may cancel the agreement, in whole or in part, and terminate the service upon five days written notice to the Contractor [Brink's]. In such event the Contractor shall be paid whatever sum has become due to him for services performed prior to the effective date of the cancellation.

Brink's argues that under the terms of this provision before termination will be effective the City is required both to notify Brink's *and pay* "whatever sum has become due to [the Contractor] for services rendered prior to the effective date of the cancellation." Since the City has not paid the final two invoices, the subject of this action, Brink's claims there has not been effective termination and consequently that the limitations period has not begun to run. Such an interpretation, however, is unsupported by the plain words of the termination provision and would render the limitation provision meaningless. The City de-

nies that any sum is due to Brink's by reason of the alleged deficiencies which are the subject of its counterclaims. Under Brink's interpretation, the six-month limitation period would never serve to bar a claim for money allegedly due under the contract. Brink's could wait two, three or more years before asserting its claim and still argue that the six-month period has not expired for no final payment necessary for effective termination was ever made. For these reasons, Brink's interpretation of the provision must be rejected.

■ Finally, Brink's argues that the six-month provision is inapplicable because the City never paid its bill when due, in consequence of which, it had a "reasonable expectation [of payment that] did not expire until perhaps the very day action was commenced."[11] The fact that the City was tardy in paying its bills did not alter Brink's right to payment nor restrict its access to the courts to enforce such right. Brink's expectation of payment cannot serve to rewrite the clear contractual provision that requires any action arising out of the contract to be commenced within six months. Moreover, even if this claim of expectation is read as a plea of equitable estoppel—that the City lulled Brink's into not exercising its right—it is clearly inadequate as a matter of law to relieve Brink's of its failure to timely commence this action. In order to estop the City from relying on the limitation provision, Brink's must show that the City committed some affirmative act of wrongdoing or concealment which caused it to delay suit until after the limitations' period had run.[12] There has been no such showing or any such allegation. "A potential defendant is under no obligation to inform an adversary of the existence of a

---

9. *Id.* at 552, 389 N.E.2d at 104, 415 N.Y.S.2d at 790.

10. *See, e.g., J. Aron & Co. v. Panama R. R. Co.,* 255 N.Y. 513, 519, 175 N.E. 273 (1931) (six month limitation period contained in bill of lading not unreasonable); *see Soviero Bros. v. New York* 286 A.D. 435, 142 N.Y.S.2d 508 (1955), *aff'd,* 2 N.Y.2d 924, 141 N.E.2d 918, 161 N.Y.S.2d 888 (1957); *cf.* N.Y.Gen.Mun.Law § 50–3(1)(a) (notice of tort claim against a public corporation must be served within ninety days).

11. Brief for Plaintiff at 9.

12. *General Stencils Inc. v. Chiappa,* 18 N.Y.2d 125, 127, 219 N.E.2d 169, 272 N.Y.S.2d 337 (1966); *Gold v. New York,* 80 A.D.2d 138, 437 N.Y.S.2d 973 (1981).

cause of action."[13] Where as here, there is no conduct by the City to induce Brink's not to file suit, no estoppel will lie.

■ Plaintiff's claim for sums due under the parking meter contract is barred by the six-month limitation period contained in the contract. Accordingly, defendant's motion for summary judgment as to this first cause of action is granted.

## II. The "Bulk Coin" Transportation Contract

■ The City does not contest that it owes Brink's the sum of $8,268.70 due under the "bulk coin" transportation contract. Brink's, therefore, is entitled to summary judgment in that sum and has moved for certification that there is no just reason for delay for the entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The City opposes such certification because of the prospect of the recovery of a judgment in its favor on its counterclaims against which it can set off the Brink's judgment.[14]

The City's counterclaims, however, relate to the parking meter collection contract, not the bulk coin contract and thus clearly are separate, distinct and independent from the claim decided here. As the Supreme Court noted in *Curtiss-Wright Corp. v. General Electric Co.*, "the essential inquiry is 'whether, after balancing the competing factors finality of judgment should be ordered to advance the interests of sound judicial administration and justice to litigants.' "[15]

The City does not challenge Brink's capacity to meet any judgment that may be recovered against it under the City's parking meter contract counterclaims. Moreover, the City has a surety company performance bond that was executed in its favor under the parking meter contract. Under all the circumstances, the Court finds that there is no just reason for delay-

ing the entry of judgment in favor of Brink's, as indicated above, and its request for certification under Rule 54(b) is granted.

Plaintiff's motion for summary judgment is granted upon its second cause of action, the bulk coin contract. The defendant's motion for summary judgment is granted as to the first cause of action, the parking meter collection contract. Further, pursuant to Rule 54(b) the Court, with respect to the plaintiff's second cause of action, makes an express determination that there is no just reason for delay and directs entry of judgment thereon in favor of plaintiff in the sum of $8,268.70 with interest.

So ordered.

**13.** *Gold v. New York, supra*, 80 A.D.2d at 144, 437 N.Y.S.2d at 976.

**14.** See note 1 *supra*.

**15.** 446 U.S. 1, 5, 100 S.Ct. 1460, 1463, 64 L.Ed.2d 1 (1980) (citing the language of the District Court). *See Wallace Clark & Co., Inc. v. Acheson Industries, Inc.*, 401 F.Supp. 637, 638 (S.D.N.Y.1975).