Chief Judge Cooke
(dissenting in part). I cannot agree that plaintiff’s complaint should be dismissed in its entirety. Under one of plaintiff’s causes of action, given the terms of the contract and the parties’ actions insofar as reflected in the record, plaintiff suffered no injury until defendant determined that it would not pay all of the *952 money requested by plaintiff. Therefore, I respectfully dissent.
In April, 1967, plaintiff was awarded a contract to build an ice skating rink at Clove Lake Park in Staten Island. This was not a fixed-sum contract, however. Instead, defendant used a unit-price contract under which the actual cost was to be determined by defendant after construction was completed. For various reasons, plaintiff was not able to present the premises for a final inspection until September 28, 1971. It is undisputed that, to some extent, the delay in completion is attributable to defendant.
Final payment was to proceed by plaintiff’s submitting a requisition for approval. Once defendant, through its engineer, determined the amount to be paid, a final voucher was to be certified, approved and filed, whereupon plaintiff would be paid. For reasons not apparent from the record or the briefs, the final requisition was not approved until late 1977.
This action was commenced in January, 1978. The complaint pleads four causes of action. The first cause alleges that, by reason of defendant’s change orders, plaintiff was required to provide extra materials subject to the unit-price computations and that it had been underpaid $164,572.38. The second cause of action seeks to recover $132,896.69 for the reasonable value of additional work that was required by defendant’s modifications and other conduct. The third claims losses of $935,352.77 in that defendant caused the project’s delay and thereby caused plaintiff to expend additional sums for labor and overhead, as well as restricting its bondability and available working capital. Lastly, plaintiff pleaded that defendant’s conduct constituted a total breach so as to vitiate the contract and entitle plaintiff to recover in quantum meruit, with the balance due being $1,134,609.91.
Defendant answered and asserted that the action was barred by the Statute of Limitations. Both courts below denied a motion to dismiss the complaint.
A cause of action in contract accrues and the Statute of Limitations begins to run when a breach occurs (Kassner & Co. v City of New York, 46 NY2d 544, 550). Generally, when a party is suing for payment, the action accrues when *953 the right to final payment becomes unconditional (see id.). As a corollary, the Statute of Limitations begins to run when an injury occurs so that the party knows that a suit may be brought, although the full amount of damages may not be known at the time (see Martin v Dierck Equip. Co., 43 NY2d 583, 591).
In pleading the Statute of Limitations, a defendant raises an affirmative defense on which it has the burden of proof (see Goncalves v Regent Int. Hotels, 58 NY2d 206, 217; Manion v Pan Amer. World Airways, 55 NY2d 398, 405; Matter of Davis v Kingsbury, 27 NY2d 567, 571 [Breitel, J., dissenting]; Wechsler v Bowman, 285 NY 284, 295). Applied in the present context, this requires showing that plaintiff had a right to sue more than six years before it commenced this action. Put another way, defendant must establish that the right plaintiff seeks to enforce became unconditional and defendant refused to perform as promised at some time more than six years before this suit was instituted.
Plaintiff’s third and fourth causes of action should be dismissed as time barred. The rights that plaintiff seeks to enforce in the last two causes of action were violated, if at all, by September 28, 1971, when plaintiff had substantially performed the contract. The “payments” plaintiff seeks there were not subject to any condition before they became “due”. The injuries claimed were complete, and plaintiff could have sued that very day.
The second cause of action, to recover for additional work, is problematic. Plaintiff’s right to payment under the unit-cost contract was subject to audit, so that a breach by defendant in making final payment would not occur until it informed plaintiff of the results of that audit (see Kassner & Co. v City of New York, 46 NY2d 544, 550, supra). As pleaded, however, these costs are also being sought on a theory which is independent of defendant’s auditing procedure. Consequently, plaintiff’s right to payment was unconditional at the time it completed construction and the Statute of Limitations began to run at that time. Thus, this cause should be dismissed.
Plaintiff’s first cause of action, however, is a different matter. Essentially, it seeks recovery for the extra work *954 required by the change orders and for which compensation was sought in the final requisition. By the terms of the contract, plaintiff had no right to final payment until defendant calculated and audited the unit-cost of the claimed items. This was not completed until late 1977. The record is devoid of any evidence indicating that plaintiff was solely to blame, if at all, for this delay. Having submitted its requisition, plaintiff could not know of any injury until defendant rejected all or part of the amount sought. Indeed, plaintiff had no injury until defendant did refuse to pay some of the items claimed. Defendant, therefore, failed to sustain its burden of proving that plaintiff’s first cause is time barred.
The majority relies on State of New York v Lundin (60 NY2d 987) for the proposition that plaintiff’s cause of action arose when it had performed the contract by substantially completing construction (majority opn, p 951). This application overlooks that, at that point, no breach had occurred because defendant had not yet refused to pay the money requested. The critical inquiry is: When did a defendant substantially complete its performance so that a breach has ripened into an enforceable action? In Lundin, where an action was brought against the contractor for defective construction, the cause accrued when the contractor declared the work complete. Here, where the action is against the owner for payment, no cause accrued until the owner refused to pay all that was requested. The substantial performance at issue is not that of plaintiff, but of defendant. And defendant did not substantially perform its obligations until it completed its audit , of plaintiff’s final requisition. o
Nor is the majority’s distinction (majority opn, p 951) between a suit on “liability * * * arising out of the contract” and one for “nonperformance of payment” understood. The majority apparently proceeds on the theory that there is a difference in suing for breach of contract and on presenting a claim arising under the contract (p 951, n 2). No matter how one phrases the description, the gravamen of any contract action is that one party claims that it is owed certain obligations because of the agreement and that the other party has not performed those obligations. No one *955 can successfully prosecute a “claim arising under the contract” unless the other party has committed a “breach of contract.” In short, the purported distinction does not exist.
Accordingly, the order of the Appellate Division should be modified, without costs, by striking plaintiff’s second, third, and fourth causes of action for the reasons stated above, and as so modified, affirmed. The question certified should be answered in the negative.
Judges Jasen, Jones, Meyer and Kaye concur; Chief Judge Cooke dissents in part and votes to modify by dismissing the plaintiff’s second, third and fourth causes of action in an opinion in which Judge Wachtler concurs; Judge Simons taking no part.
Order reversed, with costs, plaintiff’s motion to strike the tenth defense denied and defendant’s motion to dismiss the action granted in a memorandum. Question certified answered in the negative.