■ PATSY BELLO et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—In an action to recover under performance and payment bonds issued by the defendant as surety, the defendant appeals from so much of an order of the Supreme Court, Kings County (Cohen, J.), dated July 30, 1987, as denied that branch of its motion which was for summary judgment dismissing the second cause of action which was based upon a labor and material payment bond.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the second cause of action is granted.

The defendant Aetna Casualty and Surety Company (hereafter Aetna) acted as surety for Carle Place Industries, Inc. (hereafter Carle Place), a general contractor. It issued a payment bond on behalf of Carle Place, guaranteeing payment to all subcontractors and to anyone else who provided labor, services or materials and supplies in connection with Carle Place's contract with the New York City Housing Authority (hereafter the Housing Authority) to make certain ground improvements at a public improvement project (hereafter the Project). The labor and materials payment bond contained a clause which specified that any action on the bond had to be commenced no later than "two years after the complete performance of said Contract and final settlement thereof". The plaintiffs have not contested the validity of this abbreviated limitation period (see, Kassner & Co. v City of New York, 46 NY2d 544).

In connection with its work on the Project, Carle Place subcontracted with Patsy Bello Nurseries, Inc., for it to furnish and plant trees and shrubs. Upon the completion of all of Carle Place's work on the Project, the Housing Authority issued a "Certificate of Final Acceptance" which was dated March 31, 1983, and shows a final payment to Carle Place in the amount of $17,031.32.

The plaintiffs herein filed a mechanic's lien upon the Project for moneys owed Patsy Bello Nurseries, Inc., pursuant to its subcontract with Carle Place. Thereafter, the plaintiffs herein sued, *inter alia,* Aetna and Carle Place upon the mechanic's lien. The plaintiffs then settled the lien foreclosure action with Carle Place and discontinued with prejudice their lien claims against Aetna. However, Carle Place subsequently defaulted on the settlement payments and the plaintiffs entered judgment against Carle Place. Aetna was then contacted and asked to pay the judgment amount of $34,792, pursuant to its payment bond. Aetna declined to pay, citing the expiration of the two-year period of limitation.

Thereafter, the instant action was commenced on January 13, 1987 by the plaintiffs Patsy Bello and Alfonso Picans to recover from Aetna, upon its original payment bonds, moneys allegedly owed them pursuant to Carle Place's subcontract with Patsy Bello Nurseries, Inc. Aetna moved for summary judgment, on the ground, *inter alia,* that the period of limitation had run, citing March 31, 1985 as the cutoff date. The court declined to dismiss the second cause of action based on the labor and material payment bond and Aetna appeals.

In case law interpreting the exact limitation language found in the bond at bar, New York courts have construed "final settlement" to mean the date of final payment to the contractor *(Board of Educ. v Baylor,* 288 NY 665). We reject the plaintiffs' contention that "final settlement" of the contract between the Housing Authority and Carle Place can be extended to mean final payment by Carle Place to the subcontractor and settlement of all claims arising from the subcontracted work. Once the Housing Authority issued its "Certificate of Final Acceptance" in which it acknowledged Carle Place's full performance of its contractual obligations and set forth the amount of its final payment to Carle Place, the contract was completely performed and finally settled. Thus, the bond's contractual period of limitation began to run as of March 31, 1983, the date indicated in the record as the date of final payment to the contractor, which payment was not disputed by the plaintiffs.

Since the plaintiffs commenced the instant action on January 13, 1987, well beyond the two-year period of limitation, the instant action is time barred. Furthermore, we find nothing in the record which would require us to hold the defendant estopped from asserting the expiration of the limitation period, nor is there any evidence that the defendant waived the contractual period of limitation.

Finally, this court rejects the plaintiffs' request for leave to amend their pleadings, which application has been rendered academic in light of our decision to grant summary judgment to the defendant based on its defense of the contractual period of limitation. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.