■ Richard Honig et al., Appellants, v Technicraft Industries, Inc., et al., Respondents. [913 NYS2d 194]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 17, 2010, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs' action seeking payment on promissory notes which defendants had defaulted on by 1993 was time-barred (*see* CPLR 213 [2]). The motion court properly rejected plaintiffs' claim that the running of the statute of limitations should have been

tolled during a period in which plaintiffs allegedly agreed to forbear on the loans to induce Krintzman to sign a postnuptial agreement with his then spouse, Wendy Honig, until the time the agreement was declared null and void by a Massachusetts court. Plaintiffs' right to seek payment on the notes was unconditional, at the latest, when Krintzman challenged the validity of the postnuptial agreement more than six years before this action was instituted (*see generally John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). Furthermore, there is no support for plaintiffs' argument that defendants should be equitably estopped from asserting a statute of limitations defense, since defendants' alleged actions did not keep plaintiffs from timely bringing suit (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.