■ In the Matter of 86TH & 3RD OWNER, LLC, Appellant, v PERLBINDER HOLDINGS LLC et al., Respondents. [46 NYS3d 783]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 6, 2016, which denied petitioner's motion to stay arbitration, unanimously affirmed, with costs.

Although the August 2009 letter of substantial completion was not a prerequisite to respondents' right to bring an action for breach of the parties' 2005 Contribution Agreement (*cf. John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]), delivery of the letter made respondents' damages ascertainable by allowing them to determine whether petitioner had complied with applicable floor area requirements as set forth in the 2005 agreement. Thus, the motion court correctly concluded that, while the parties' February 2009 agreement referred to claims that had already arisen, the claims did not accrue for statute of limitation purposes until August 2009; as extended by the parties' tolling agreements, respondents' demand for arbitration was therefore timely. Nor did respondents' contravention of the arbitration clause's requirement that demand be made "promptly" constitute an impediment to arbitrability (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]); the motion court correctly concluded that such provision was a procedural matter for resolution by the arbitrator (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8-9 [1980]).

Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.